```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN SILAS,                    )
                                )
        Plaintiff,              )   Civil Action No. 07-6J
                                )
        v.                      )   Judge Gibson
                                )   Magistrate Judge Caiazza
GERALD L. ROZUM, et al.,        )
                                )
        Defendants.             )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed because it is frivolous, and that the Plaintiff's Motion for Preliminary Injunction be denied.

#### II. REPORT

Kevin Silas ("Silas" or "the Plaintiff"), is a state prisoner confined at the State Correctional Institution at Somerset. He proceeds *in forma pauperis* in this action, claiming that while incarcerated he was denied access to the courts. Specifically, Silas alleges that he has been pursuing an appeal of his state court conviction since 1982, (Compl. ¶19), and that he discovered "legal issues" on the prison computer system and requested that he be provided copies of the cases. (Id., ¶¶ 21-22). He also claims that a "few days" later he again requested copies of legal opinions which he once again located through the prison computer.(Id., ¶¶ 23-24). According to Silas, he was never provided with copies of the cases and as a result he was unable

to file a state court collateral appeal of his criminal conviction. Silas now asserts that he is barred from seeking relief in the state courts since he failed to present his "after-discovered" evidence claim within sixty days of discovery (Id., ¶26).

A.  **The Legal Standard**

Congress has mandated that the court review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Where the issue is whether the plaintiff has stated a claim upon which relief can be granted, the familiar standard applicable to motions to dismiss is applicable. See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D.Va.1997), aff'd, 116 F.3d 473 (4th Cir.1997)(Table); Powell v. Hoover, 956 F.Supp. 564, 568 (M.D.Pa.1997). A motion to dismiss filed pursuant to Rule 12(b)(6) cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Further, where a plaintiff is proceeding pro se, the standard differs slightly. A pro se complaint, "however inartfully pleaded" is subject to more liberal review than a district court's review of pleadings

prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). That said, a *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

B.  **The Analysis**

The Supreme Court has recognized that persons confined to penal institutions retain numerous rights, including the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Lewis v. Casey, 518 U.S. 343 (1996) the Supreme Court considered the "actual injury" requirement in a right to court access case. This requirement was reaffirmed six years later in Christopher v. Harbury, 536 U.S. 403, 416 (2002), when the Court explicitly held that a plaintiff must identify a non-frivolous claim which was actually impacted by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id.

Here, Silas seeks to set out a denial of access to the courts claim without identifying the nature of his complaint - other than to say that it first came to light when he was doing legal research in April, 2006. Even considering the liberal pleading standards in federal court, his bare assertion fails to

identify a non-frivolous claim and his action should be dismissed.

Furthermore, Silas concedes that he was aware of the nature of his claims, but that he decided not to raise them in the state court because he did not have copies of the legal opinions supporting his argument. His assertion rings hollow because Silas would have been able to present his claims of after-discovered evidence to the Pennsylvania courts through a Post Conviction Relief Act petition without citation to authority. See, Pa. R. Crim. P. 902(A) ("The petition may, but need not, include concise argument or citation and discussion of authorities."). Thus, even accepting the Plaintiff's allegations as true, he has shown only that he became aware of two new claims he wished to raise in the state court, but that he chose not to pursue those issues until he obtained copies of relevant case law. Since Silas was not required to provide case law in support of his state court collateral appeal, the Defendants' alleged failure to provide copies of case law to the Plaintiff did not cause him to lose his right to raise claims in the state court. Silas, therefore, has failed to identify a non-frivolous claim which was actually impacted by the acts which serve as the basis of his claim and, accordingly, his claim lacks merit and should be dismissed.

Christopher, supra.[1]

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this action be dismissed as frivolous, and that the Plaintiff's Motion for Preliminary Injunction be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 23, 2007.

February 7, 2007

Francis X. Caiazza
United States Magistrate Judge

cc: Kevin Silas
    AM-7160
    SCI Somerset
    1600 Walters Mill Road
    Somerset, PA 15510

---

1. The Plaintiff's Motion for Preliminary Injunction should also be denied since he cannot establish a likelihood of success on the merits, or irreparable harm should the injunction not issue. See, e.g., Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa.1994)(Movant must show irreparable harm and likelihood of success on the merits).